## CHALOUPKA v. KALFAS.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8659. Decided Oct. 1, 1928.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

MUNICIPAL CORPORATIONS — Negligence (370 P2)
(360 P4h) Failure to remove snow and ice from sidewalk, in compliance with city ordinance, not negligence per se.

Error to Common Pleas.

Judgment affirmed.

A. W. Chaloupka, Cleveland, for Chaloupka.
Chas. A. Lefkovitz, Cleveland, for Kalfas.

### STATEMENT OF FACTS.

The plaintiff was injured by falling on a sidewalk by reason of rain, ice, or ridges of snow upon the sidewalk, and the owner of the abutting property was sued as the defendant and it is claimed that the defendant was guilty of negligence in that drifts of snow or ice had fallen from a bay window on to the sidewalk and caused the injury.

It was not a down spout case where the water had accumulated and run over the sidewalk and frozen, nor anything approaching it. It was based upon a City ordinance which provided in effect that the owner of property should, before nine o'clock I believe, of the day next succeeding a storm, clear the walks of ice and snow on the premises or be prosecuted and fined by the City.

VICKERY, J.

One of the errors complained of was that the court refused to charge that it was negligence per se in having ice on the sidewalk under this ordinance. We do not think the court erred in this respect. This ordinance is a penal ordinance for the purpose of aiding the City in making property owners keep the sidewalks in front of their property clear of ice and snow. It is the City's duty to keep the sidewalks free and clear from a nuisance, and there is no duty imposed upon abutting property owners for the neglect of which they are liable in damages unless they actively aid in creating the nuisance. In other words, it must be active negligence on their part, and the ordinance that subjects the property owner in not cleaning the sidewalk to a fine, does not cast civil responsibility upon the property owner. If the property owner fails to comply with the ordinance, he may be hailed into court and fined, or the City may clean the walk and charge the expense of it to the abutting property, but nevertheless if anybody is liable for an obstruction or niusance on the sidewalk, unless the defect is caused by the active negligence of the property owner, it is the City, and the rule is well settled that in order to hold the City responsible, the City must have had knowledge of the condition of the sidewalk or the destruction or defect must have remained there so long that the City should, under the exercise of ordinary care, be presumed to have notice. That is not the case here at all, and the ordinance under which it was sought to recover against the abutting property owner is not applicable and, therefore, the court committed no error in refusing the charge as requested.

Another error is that the attorney read from the ordinance relating to the construction of buildings while no such ordinance was introduced in evidence. This at first blush seems to have been erroneous upon the part of the court in not preventing the attorney from commenting upon and reading the ordinance to the jury as part of his argument. But it is claimed here in argument at least, and I suppose it was claimed in the trial below, that on this house was a bay window which encroached upon the street and the water from the bay window ran on to the sidewalk. There is some evidence in the record to show that this was not so. The house, as a mater of fact was built in accordance with the building code and the ordinance providing for the erection of houses, and the outside of the bay window was several inches inside the property line and, therefore, referring to the building ordinance in argument was an answer to the claim made by the other side, and while it is question of propriety to make such an argument, we do not think that it was so erroneous that it would warrant us in disturbing the verdict.

I believe these constitute the main errors that are argued in our court.

The whole matter having been submitted to the jury under fairly comprehensive charges and not being in direct violation of law at least, we do not feel called upon to disturb the verdict and judgment thereon, and the same will, therefore, be affirmed.

Judgment affirmed.